**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

MT. HAWLEY INSURANCE COMPANY,   Case No.: 09-61275-CIV-
                                COOKE/BANDSTRA
      Plaintiff,

vs.

DANIA DISTRIBUTION CENTRE, LTD., et al.,

      Defendants.                    /

## PLAINTIFF MT. HAWLEY INSURANCE COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE THE RESIDENTIAL CLAIMANTS' AND INSUREDS' EXPERT WITNESS LIST

MT. HAWLEY INSURANCE COMPANY ("Mt. Hawley"), in reply to the Residential Claimants' and insureds' response [D.E.54] to Mt. Hawley's Motion to Strike its Expert Witness [D.E.48], states as follows:

In opposing Mt. Hawley's Motion to Strike the Residential Claimants' Expert Witness, David Paige, the Residential Claimants' and insureds' Response is riddled with false statements and further attempts to make this lawsuit out to be more than it is. This is a declaratory judgment action to determine whether Mt. Hawley owed a duty to defend or indemnify its insureds for a lawsuit filed against the insureds by the Residential Claimants and four Construction Claimants. There is no counterclaim filed by any of the defendants, no claim for breach of contract and no claim for bad faith. Seven months after this declaratory judgment action was filed, the Residential Claimants, Construction Claimants and Mt. Hawley's insureds entered into a consent judgment. The defendants have not asserted a claim against Mt. Hawley for satisfaction of the consent judgment.

### 1. Mr. Paige's Opinions Directed To Mt. Hawley's Claim Handling Practices And Bad Faith Are Irrelevant In Present Coverage Dispute

Mr. Paige's opinions almost singularly focus on whether Mt. Hawley breached its good faith obligations to its insureds or what they continuously refer to as "the standard of care." This is patently irrelevant to the coverage dispute and the cases addressing this point are legion. *See Kennedy v. Provident Life & Accident Ins. Co.*, No. 07-81218-CIV-Ryskamp, 2009 WL 3048683, at *2 (S.D. Fla. Sept. 18, 2009) (Under Florida law, documents and testimony concerning insurer's claim handling or general business practices are irrelevant to the issue of whether the insured is entitled to the coverage claimed and may only be relevant to a bad faith claim); *Granada Ins. Co. v. Ricks*, 12 So. 3d 276, 277 (Fla. 3d DCA 2010) ("discovery which concerns only potential issues of bad faith or other improprieties in defending the claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage."); *XL Specialty Ins. Co. v. Skystream, Inc.*, 988 So. 2d 96, 98 (Fla. 3d DCA 2008) (it is prejudicial to allow injection of bad faith issues into a coverage case); *Vanguard Fire & Cas. Co. v. Golmon*, 955 So. 2d 591, 593-94 (Fla. 1st DCA 2006) (insurer would be prejudiced if forced to litigate bad faith claim prior to determination of coverage); *Gen. Star Indem. Co. v. Anheuser-Busch Cos., Inc.*, 741 So. 2d 1259, 1261 (Fla. 5th DCA 1999) (coverage and liability issues must be determined before any bad faith claim may proceed); *State Farm Fire & Cas. Co. v. Valido*, 662 So. 2d 1012, 1013 (Fla. 3d DCA 1995) (finding insurer's claim files, claim manuals, guidelines and documents concerning claim handling procedures were irrelevant in first party coverage case). The Residential Claimants and insureds essentially admit that Mr. Paige's testimony is on the "industry standard" for an insurer's handling of a claim and Mt. Hawley's "good faith duties"   *See* Response, p.6.  Yet in a coverage dispute, issues regarding claims

handling and bad faith are irrelevant.  *See Kennedy*, 2009 WL 3048683, at *2.  Furthermore, there is no bad faith claim pending in this lawsuit.

### 2. Mr. Paige's Opinions Arguing Whether Claims Are Within Coverage Should Be Stricken As Irrelevant

Furthermore, Mr. Paige's opinions arguing that the facts fall within coverage are within the province of the Court, and as such, his expert testimony is unnecessary and irrelevant. *Clarendon Am. Ins. Co. v. Bayside Restaurant, LLC*, No. 8:05-CV-1662-T-17-TGW, 2006 WL 2729486, at *2 (M.D. Fla. Sept. 25, 2006)[1]; *Ricks*, 12 So. 3d at 277, n.1 ("[I]t is suggested on appeal that the president could properly be deposed concerning his own interpretation of the policy.  Because, however, the meaning of an insurance contract is a question of law, ***and thus not subject to opinion testimony***, this contention is wholly without merit.") (emphasis added). In *Clarendon*, the court explicitly adopted the reasoning in two Illinois decisions that found an expert's opinion concerning whether a claim fell within the terms of coverage was improper as it was the role of the Court to make such a determination.  *Clarendon*, 2006 WL 2729486, at *1-*2.  The Court concluded that "this Court does not look to engage in a 'battle of the experts' on an issue that is ultimately to be decided as a matter of law.").  *Id.*  Tellingly, the Residential Claimants and insureds do not refute the cases cited by Mt. Hawley in its motion to strike in this regard.

---

[1] In its initial motion to strike, Mt. Hawley mis-cited the Westlaw Case Number for the *Clarendon* case as 2006 WL 3337499, which referred to a subsequent Order of the Court in the same case.  The above citation specifically referred to the Court's Motion to Strike Expert's affidavit in a coverage case, which is what is at issue in Mt. Hawley's motion.

3

### 3. Residential Claimants And Insureds Have Distorted Factual Record In Support Of Their Argument That Mr. Paige's Opinions Concerning Mt. Hawley's Pollution Exclusion Are Relevant

The main issue in this declaratory judgment action is whether the underlying claims are barred under the Mt. Hawley policies' pollution exclusion. According to the Residential Claimants and insureds, they contend a "mobile equipment" exception to the exclusion applies. Yet despite any allegation in the operative complaint of any leaks from any "mobile equipment," their expert opines that Mt. Hawley breached its duty to defend based on such allegations. Leaving aside the point that an expert's opinion as to whether a claim is within coverage is irrelevant, in order to justify Mr. Paige's inappropriate opinions, the Residential Claimants and insureds make the incredible claim that they specifically amended their complaint based on testimony of a corporate representative of one of the insureds, Lauris Boulanger, to allege facts demonstrating that the "mobile equipment" exception applies. *See* Response, ¶ 2. The Residential Claimants' statement in paragraph 2 of their response is demonstrably false. The second amended complaint was filed on January 3, 2007. However, the deposition of Lauris Boulanger, when these supposed revelations were made (clearly outside the four corners of the complaint), was not taken until September 25, 2007, ***more than nine months after the second amended complaint was filed***.[2]   Thus, to the extent that Mr. Paige's opinions in this regard are based on the circumstances as alleged by the Residential Claimants and insureds in paragraph 2 of their response, Mr. Paige's opinions should be stricken because they are based on non-existent facts.

---

[2] Also tellingly is that there are no allegations in that second amended complaint that would place a carrier on notice that the exception to the exclusion applies, which Mt. Hawley elaborates on in its Motion for Summary Judgment.

> 4. **The Residential Claimants and Construction Claimants Further Distort The Record In Arguing Relevance Of Mr. Paige's Opinions Concerning Mt. Hawley's Handling Of The Underlying Claim**

In further support of their response, the Residential Claimants and insureds also distort the record by claiming that the Declaratory Judgment action was filed "months after the case had ended, and the parties had entered into a stipulated final judgment." *See* Response, ¶ 5. Mt. Hawley filed this lawsuit on August 17, 2009, while the underlying lawsuit was still pending. The *Coblentz* agreement entered into between the parties was not executed until March 2010 and the stipulated final judgment was not entered until March 29, 2010 (after the deadline to amend pleadings in this action had passed to address the consent judgment). It is not entirely clear why the Residential Claimants and insureds would make such a claim, other than to attempt to suggest that Mr. Paige's opinions regarding Mt. Hawley's handling of the underlying claim are somehow relevant. Contrary to the Residential Claimants' and insureds' assertions, the viability of the consent judgment is not an issue in the parties' pleadings. Even assuming that it were, the Residential Claimants and insureds ignore the fact that before any consent judgment may be enforced, the claimants must demonstrate that the claims are covered under the insurance policy. *See Chomat v. Northern Ins. Co. of New York*, 919 So. 2d 535, 537 (Fla. 3d DCA 2006) (injured party seeking recovery under *Coblentz* agreement must first establish that the claim is covered under the policy). Because the only issue before the Court is whether there is coverage for the underlying claims, Mr. Paige's opinions are particularly irrelevant.

> 5. **Residential Claimants' And Insureds' Discussion Concerning Mt. Hawley's Expert's Is Irrelevant To Mt. Hawley's Motion To Strike Mr. Paige As An Expert**

The remainder of the Residential Claimants' and insureds' response is devoted to attacking the opinions of Mt. Hawley's experts, which is not relevant to Mt. Hawley's motion to

5

strike and also contains numerous inaccurate statements. In particular, the Residential Claimants and insureds misrepresent Mr. Hartwig's opinions. Mr. Hartwig was offered for the purpose of showing the trier of fact that the source of the alleged pollutants was not leaking equipment, but from the site being a known waste dump for several years. His opinions go directly to the duty to indemnify, which is based on the ultimate facts of the underlying case. Furthermore, Mr. Hartwig's opinions have no bearing on the lack of relevance of Mr. Paige's opinions concerning Mt. Hawley's practices in adjusting this claim.

Similarly, the Residential Claimants and insureds devote significant discussion to Mt. Hawley's retention of Mr. Thomas Scott, which also is irrelevant to Mt. Hawley's motion to strike. Mt. Hawley retained Mr. Scott as an expert on the reasonableness of the consent judgment out of a concern that the Residential Claimants would attempt to inject such issues into these proceedings, which, judging by their response, they clearly intend to do so. Specifically, it was not until the Residential Claimants listed Stuart Grossman, Esq. on their **fact** witness list that Mt. Hawley retained Mr. Scott.[3] Mr. Grossman apparently offered an opinion to the Residential Claimants that their $19 million consent judgment was reasonable. Mt. Hawley retained Mr. Scott to testify on this issue as well. Clearly, his potential testimony does not make relevant the opinions of Mr. Paige.

## CONCLUSION

Because the Residential Claimants and insureds have offered Mr. Paige for impermissible purposes, specifically to testify as to the insurance company's claim handling and bad faith with respect to this claim, and whether the claim is within coverage (a function for the courts), this Court should strike Residential Claimants' and insureds' expert and preclude him from offering

---

[3] Mr. Grossman has not been listed as an expert witness in this case.

opinions at trial in this lawsuit or in any other proceeding related to this lawsuit. Mt. Hawley therefore respectfully requests that this Court strike Mr. David Paige as an expert in this case as well as any other relief that this Court deems equitable and just.

## **CERTIFICATE OF SERVICE**

We hereby certify that on September 17, 2010, the foregoing was filed via the CM/ECF system which will provide electronic notice on the parties on the attached Service List and to Deborah Wallace, 3766 NW 201 Terr., Miami, Florida 33055 via U.S. Mail.

>s/John J. Cavo
>Andrew E. Grigsby
>Florida Bar No. 328383
>agrigsby@hinshawlaw.com
>John J. Cavo
>Florida Bar No. 0462764
>jcavo@hinshawlaw.com
>HINSHAW & CULBERTSON LLP
>9155 S. Dadeland Boulevard
>Suite 1600
>Miami, Florida 33156-2741
>Telephone: 305-358-7747
>Facsimile: 305-577-1063
>*Counsel for Mt. Hawley Insurance Company*

**SERVICE LIST**

Levi G. Williams, Jr., Esquire
Fertig & Gramling, P.A.
200 S.E. 13th St.
Ft. Lauderdale, Florida 33316
Telephone: 954-763-5020
Facsimile: 954-763-5412
lgw@fertig.com
*Counsel for Construction Defendants*

Mark E. Rousso, Esquire
Mark E. Rousso, P.A.
1000 Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone: 954-668-2508
Facsimile: 954-206-0014
mer@roussolaw.com
*Counsel for Dania Distribution Centre, Ltd., Dania Distribution Centre Condominium Assoc. & Lauris Boulanger, Inc.*

Reginald J. Clyne, Esquire
Noel F. Johnson, Esquire
Clyne & Associates, P.A.
814 Ponce de Leon Blvd., Suite 210
Coral Gables, Florida 33134
Telephone: 305-446-3244
Facsimile: 305-446-3538
rjc@clynelegal.com
nfj@clynelegal.com
*Counsel for Residential Defendants*

Ms. Deborah Wallace
3766 NW 201 Terr.
Miami Gardens, Florida 33055
*Pro-se*

14487071v1  875622  11654