UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

MT. HAWLEY INSURANCE COMPANY,

    Plaintiff,

vs.

DANIA DISTRIBUTION CENTRE, LTD., et al.,

    Defendants.
_____/

Case No.:  09-61275-CIV-COOKE/BANDSTRA

### PLAINTIFF MT. HAWLEY INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO DEFENDANT'S LIMITED MOTION FOR EXTENSION OF TIME TO TAKE DEPOSITION OF CORPORATE REPRESENTATIVE

MT. HAWLEY INSURANCE COMPANY ("Mt. Hawley"), files its Response to the Residential Claimants and insured's Limited Motion for Extension of Time To Take Deposition of Corporate Representative [D.E.55] and states as follows:

As a threshold matter, the Residential Claimants and insureds have stated that they contacted counsel for Mt. Hawley prior to the filing of this motion.  Neither undersigned counsel nor counsel of record for Mt. Hawley, Andrew E. Grigsby, ever spoke to the Residential Claimants' and insureds' counsel regarding any request to depose Mt. Hawley's corporate representative prior to the filing of their motion.  Notwithstanding, Mt. Hawley objects to any effort to re-open fact discovery at this late juncture in this case.  In moving for an extension of time to depose Mt. Hawley's corporate representative, the Residential Claimants' and insureds offer no reason why, in the twelve months since this case was filed until the fact discovery cut-off (July 30, 2010), they could not notice the corporate representative for deposition.  It should further be noted that the fact discovery deadline was extended once already, at the request of the defendants to July 30, 2010 from June 15, 2010.  This Court's Order was clear that "no further

extensions would be granted." [D.E.31] As the Residential Claimants' and insureds acknowledge in their motion for extension of time, this Court has already denied their motion for enlargement of time to extend expert discovery deadlines.

### 1. Insureds And Residential Claimants Fail To Demonstrate Good Cause And Excusable Neglect For Failing To Schedule Deposition Of Corporate Representative Of Plaintiff

The scheduling order set a deadline to complete fact discovery of July 30, 2010. Where a party seeks an extension of time beyond the pre-trial scheduling order, good cause must be shown. *See Williams v. Blue Cross And Blue Shield of Florida, Inc.*, No. 3:09-CV-225/MCR/MD, 2010 WL 3419720, at *2 (N.D. Fla. Aug. 26, 2010) (absent a showing of due diligence, there is no good cause to extend scheduling order deadlines to re-open discovery). Also, since the motion was not made until after the applicable deadline had passed, in fact, over one month after the deadline passed, excusable neglect must be shown. *See Gonzalez v. Pirelli Tire, LLC*, No. 6:08-CV-315-Orl-19DAB, 2008 WL 2074408, at *3, n.7 (M.D. Fla. May 15, 2008) (when a motion to extend deadlines is raised after the expiration of the deadline, good cause *and* excusable neglect must be shown, regardless of the opposing counsel's position). In this regard, the Residential Claimants and insureds offer no excuse as to why they failed to try and obtain deposition dates for several months prior to the discovery cut-off. No effort was made to attempt to schedule the corporate representative's deposition, even with the previous extension.

### 2. Plaintiff Will Be Prejudiced By Re-Opening Fact Discovery

Contrary to the Residential Claimants' and insureds' assertions, the plaintiff will be prejudiced by this late request for a deposition, as fact discovery has long been closed. The deadline for dispositive and pre-trial motions was September 10, 2010 and, in addition, the

deadline for the completion of expert discovery has already passed.  To go back and re-open the window on one witness will effect potentially all of these past deadlines as well.  This case is at a stage where the Court is being asked to consider the parties' motions for summary judgment and, if denied to proceed to trial.  In short, the fact discovery ship has sailed.

### 3. There Is No Relevant Basis For Testimony Of Corporate Representative

Mt. Hawley further objects to the late request to re-open fact discovery to complete a deposition of its corporate representative because the Residential Claimants have not proffered any  basis or need for a corporate representative's deposition.  This lawsuit is a declaratory judgment action filed by Mt. Hawley to determine whether it owes any duty to defend or indemnify its insureds in a lawsuit filed by the Residential Claimants.  The question of whether there is coverage is a question of law to be determined by the Court.  *Jones v. Utica Mut. Ins. Co.*, 463 So. 2d 1153, 1157 (Fla. 1985).  The duty to defend is based solely on the allegations of the underlying complaint.  *National Union Fire Ins. Co. v. Lenox Liquors, Inc.*, 358 So. 2d533, 536 (Fla. 1977).   The duty to indemnify is based on the facts of the underlying claim.  *United States Fire Ins. Co. v. Hayden Bonded Storage Co.*, 930 So. 2d 686, 691 (Fla. 4th DCA 2006).  Since Mt. Hawley has no first-hand  knowledge of the allegations of the Residential Claimants, there is no credible purpose for deposing a corporate representative of Mt. Hawley.

This Court has explicitly held that the opinions of an employee of the insurer are irrelevant to the court's determination of whether there is coverage.  *Wackenhut Services, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 15 F. Supp. 2d 1314, 1323 (S.D. Fla. 1998) ("Florida law provides that the deposition testimony of National Union's employees concerning their opinions about coverage constitutes 'extraneous matters' that are completely irrelevant to the determination of whether National Union had a duty to continue its defense of

Wackenhut in the underlying suit."); *see also Allstate Ins. Co. v. Swain*, 921 So. 2d 717, 719 (Fla. 3d DCA 2006) (quashing orders compelling discovery of policy drafting history, marketing and interpretation of policy, holding that interpretation of policy is a question of law, and therefore such discovery is "completely unnecessary to the determination of the coverage issue ….").

## CONCLUSION

Since the Residential Claimants and insureds offer no credible reason for re-opening fact discovery to take a corporate representative's deposition more than one month after the fact discovery cut-off, because Mt. Hawley would clearly be prejudiced by ignoring past deadlines, and there being no legitimate reason for the taking of a deposition of a corporate representative, the Residential Claimants' and insureds' limited motion to extend the fact discovery deadline to take a corporate representative's deposition should be denied.

**CERTIFICATE OF SERVICE**

We hereby certify that on September 17, 2010, the foregoing was filed via the CM/ECF system which will provide electronic notice on the parties on the attached Service List and to Deborah Wallace, 3766 NW 201 Terr., Miami, Florida 33055 via U.S. Mail.

>s/John J. Cavo
Andrew E. Grigsby
Florida Bar No. 328383
agrigsby@hinshawlaw.com
John J. Cavo
Florida Bar No. 0462764
jcavo@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Counsel for Mt. Hawley Insurance Company*

**SERVICE LIST**

Levi G. Williams, Jr., Esquire
Fertig & Gramling, P.A.
200 S.E. 13th St.
Ft. Lauderdale, Florida 33316
Telephone: 954-763-5020
Facsimile: 954-763-5412
lgw@fertig.com
*Counsel for Construction Defendants*

Mark E. Rousso, Esquire
Mark E. Rousso, P.A.
1000 Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone: 954-668-2508
Facsimile: 954-206-0014
mer@roussolaw.com
*Counsel for Dania Distribution Centre, Ltd., Dania Distribution Centre Condominium Assoc. & Lauris Boulanger, Inc.*

Reginald J. Clyne, Esquire
Noel F. Johnson, Esquire
Clyne & Associates, P.A.
814 Ponce de Leon Blvd., Suite 210
Coral Gables, Florida 33134
Telephone: 305-446-3244
Facsimile: 305-446-3538
rjc@clynelegal.com
nfj@clynelegal.com
*Counsel for Residential Defendants*

Ms. Deborah Wallace
3766 NW 201 Terr.
Miami Gardens, Florida 33055
*Pro-se*

14487118v1  875622  11654