UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  09-CV-61275-COOKE

MOUNT HAWLEY INSURANCE COMPANY,
a Foreign Corp.,

    *Plaintiff*,

v.

DANIA DISTRIBUTION CENTRE LTD.
Et al.,

    *Defendants*.
_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STRIKE EXPERT WITNESSES

COMES NOW, Defendants, Lueron Dixon, Tyrone Aikens, Mary A. Butler, Irene Cooper, Karen Drayton, Arlester Fairchild, Clytis Fairchild, Sylvester Fairchild, Dorothy F. Sampson, Rocheda Fairchild, as personal representative for Eddie Fairchild, Michael Fairchild, William H. Fairchild, Jr., Morris Goldwire, Walter Harris, Katrina Harris, Kimberly McNeal, individually, and as parent and natural guardian of K. P., Wanda Peterson, Bessie Pinkney, Lawrence Pinkney, Marie Pinkney, Joanna Price, Barbara Reynolds, Krystal Reynolds, Sherly D. Ross, Valerie Tyler, Debra Wallace as mother and natural guardian of J. W., Kea. W., Key. W., minors, Larayna Wallace, Raynard Wallace, Alecia Williams, Candra Williams as parent and natural guardian of T. I., a minor, and Arthur E. Wilson, (hereinafter referred to as "Residential Defendants"), Dania Distribution Centre, Ltd., Lauris Boulanger Inc., and Dania Distribution Center Condominium Association Inc., (hereinafter collectively referred to as "Corporate Defendants") hereby files the Defendants' Reply to Plaintiff's Response in Opposition to

Defendants' Motion to Strike Expert Witnesses, and states as follows:

With respect to Plaintiff's argument regarding Local Rule 7.1(a)(3), Defendants acknowledge that they failed to include the proper certificate in the motion regarding conferring with opposing counsel prior to filing the motion. However, Defendants did contact Plaintiffs regarding the possible conflict of interest of Mr. Scott prior to filing the motion to strike, and Plaintiffs do acknowledge this conversation in their response motion. Therefore, we respectfully request that the Court decide this matter on the merits of the respective motions.

In regards to the dispute whether a conflict of interest is present because of Mr. Scott's partner representing Defendants' counsel in a separate matter, Defendants' initially raised this concern in their motion to strike because of the potential of inside information of Defendants' counsel being shared with the Plaintiff. In their response, Plaintiffs argued that the claims are unrelated and that there was no risk of disclosure of confidential information. Despite these assurances, Plaintiff's counsel did use this opportunity to mention that Defendants' counsel is involved in a legal malpractice lawsuit, which may be an attempt to undermine the credibility of Defendants' counsel using knowledge of this other case. It was precisely use of this type of information why Defendants believe that there might be a conflict of interest in Mr. Scott serving as an expert for Plaintiff while his partner serves as counsel for Defendants' counsel in another matter. Therefore, despite Plaintiff's arguments to the contrary, there does appear to be a risk of disclosure of inside information, which should preclude use of Mr. Scott as an expert in this matter.

## I. Scott Not Qualified to Render Medical or Scientific Opinions

Mr. Scott is a lawyer and is not qualified to render medical or scientific opinions. Pursuant to Plaintiff, Mr. Scott was retained to provide an opinion as to the reasonableness of the

consent judgment.  However, Mr. Scott, is delving into medical issues, valuing the seriousness of claimants' injuries and not opining on the reasonableness of the consent judgment.  Mr. Scott himself admits that the only person qualified to render an opinion on medical causation is a medical doctor.  A *juris doctorate*, while containing the word "doctor", does not qualify Mr. Scott to give medial opinions nor to evaluate the etiology with regards to the medical injuries in the underlying case.  *Wrangen v. Pennsylvania Lumberman's Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1979-80 (S.D. Fla. 2008), stands for the premise that the inquiry into reasonableness includes the extent of liability, "the degree of certainty of the tortfeasor's subjection to liability, the risks of going to trial, and the chances that the jury verdict might exceed the settlement offer….as well as the probability of the insured's success and the size of the possible recovery."  Nevertheless, Mr. Scott does not proffer such an analysis.  Instead, Plaintiff admits that Mr. Scott evaluated the value of the medical injuries and rated the value of damages, determining some damages to be more severe and serious than others.  In essence, Mr. Scott is being offered as a medical expert, giving a medical opinion on the varying degrees of injury.  Plaintiff's own case states that "proof of reasonableness is ordinarily established through use of expert witnesses to testify about such matters as the extent of defendants' liability, the reasonableness of the damages amount in comparison with compensatory awards in other cases, and the expense which would have been required for the settling defendants to defend the lawsuit" *Chomat v. Northern Ins. Co. of New York*, 919 So.2d 535, 538 (Fla. 3d DCA 2006).  It is evident that Mr. Scott, contrary to the established rule in *Chomat*, failed to opine as to the liability, reasonableness of damage amount in comparison with compensatory awards in other cases, or the expense which would have been required to defend the underlying lawsuit.

Attorney Scott, opines that Dr. Richard Lipsey, epidemiologist and toxicologist is not

qualified to render opinions regarding the effects of toxic exposure in a toxic tort case. "With respect to general causation, the relevant scientific field is epidemiology or toxicology and not clinical medicine." *Leathers v. Pfizer, Inc.,* 233 F.R.D. 687, 694 (N.D. Ga. 2006). In the toxic tort case of *Leathers*, the court granted Defendant's Motion to Exclude the Opinions of Dr. Mark R. Firth, M.D., finding that Dr. Firth, was not an epidemiologist, toxicologist or a pharmacologist and therefore unqualified to render his opinion. *See McCauley v. Nucor Corp.*, 2007 U.S. Dist. LEXIS 58455 (S.D. Ind. 2007)(toxicologists principles and methodology are reliable). Mr. Scott is not an epidemiologist or toxicologist and therefore is unqualified to render his opinion but for the reasonableness of the settlement agreement in the instant case.

Plaintiff lists several cases in which they assert that Dr. Richard Lipsey was not qualified to "render similar kind of opinions he rendered in the underlying case." *See* Plaintiff's Response in Opposition to Defendant's Motion to Strike, p. 3 [D.E. 67]. However, Plaintiff's list of cases does not tell the entire story. In several of the cases, Dr. Lipsey was not present at trial and therefore his discovery testimonies were inadmissible, and other cases involved medical causation issues. See Exhibit "A" – Affidavit of Dr. Lipsey. Nonetheless, there are numerous other cases similar to ours in which Dr. Lipsey was qualified to testify. Dr. Lipsey has been qualified to testify in this area of expertise over 40 times in federal court, including most recently in the Chinese Drywall cases. Plaintiff relies on the transcript of the proceeding in *Berry v. CSX Transp. Inc., et al.*, which they attached as Exhibit "A" to their Response in Opposition to Defendant's Motion to Strike. However, on appeal, the First District Court of Appeal reversed the trial court's decision to exclude appellants' expert testimony. The Appellate court held that the fact that the experts disagreed upon how to interpret the data was not a good reason for excluding experts' opinions. *Berry v. CSX Transp. Inc.,* 709 So. 2d 552 (1st DCA 1998). In

*Hatton v. CSX Transp. Inc*., 2004 Tenn. App. LEXIS 412 ( Tenn. Ct. App. June 29, 2004), Dr. Lipsey's testimony was excluded in a motion in limine, however, plaintiff attempted to introduce a deposition of Dr. Lipsey's notwithstanding his absence at trial. Therefore, the cases cited by Plaintiff fail to demonstrate that Dr. Lipsey should be deemed unqualified in the present matter.

## II.  Mr. Hartwig is Not Qualified to Render Toxicological Opinions

Mr. Hartwig is not a toxicologist and is not qualified to render toxicological opinions. It is a well established rule that "when analyzing an expert's methodology in toxic tort cases, the court should pay careful attention to the expert's testimony about the dose-response relationship." *McClain v. Metabolife Int'l, Inc.,* 401 F.3d 1233, 1241 (11th Cir. 2005); and *See Evans v. Matrixx Initiatives, Inc.*, 2009 U.S. Dist. LEXIS 88224 (M.D. Fla. Feb. 18, 2009). Mr. Hartwig does not rely on such methodology, but rather, relies on various studies and analyses without even examining the claimants or reviewing medical records. These opinions bear no support with the exception of the ipse dixit of Hartwig. "The expert who avoids or neglects this principle of toxic torts without justification casts suspicion on the reliability of his methodology." *Id.* Mr. Hartwig is not qualified to render a toxicological opinion as it falls short of accepted methodology and principles.

WHEREFORE, the Defendants, respectfully request that this honorable Court grants its Motion to Strike Plaintiff's Experts.

*Mount Hawley Ins. Co. v. Dania Distribution Center, Ltd., et al.*
*Case No. 09-61275-CIV-COOKE*

*Page 6 of 7*

Respectfully submitted,

**CLYNE & ASSOCIATES, P.A.**
Counsel for Residential & Corporate Defendants
814 Ponce de Leon Blvd., Suite 210
Coral Gables, Florida 33144
Telephone: (305) 446-3244
Facsimile: (305) 446-3538


By:   /s/ Reginald J. Clyne
      Reginald J. Clyne
      Florida Bar No. 654302
      Joseph S. Giannell
      Florida Bar No. 41064


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 27, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.  I also certify that the foregoing document was served via U.S. mail on Debra Wallace at 3766 NW 201 Terrace, Miami Gardens, FL 33055.


By:   /s/ Reginald J. Clyne
      Reginald J. Clyne
      Florida Bar No. 654302
      Joseph S. Giannell
      Florida Bar No. 41064

*Mount Hawley Ins. Co. v. Dania Distribution Center, Ltd., et al.*
*Case No. 09-61275-CIV-COOKE*

*Page 7 of 7*

## SERVICE LIST

Andrew Edward Grigsby , Jr.
John Joseph Cavo
Hinshaw & Culbertson
9155 S Dadeland Boulevard
Suite 1600, PO Box 569009
Miami , FL 33256-9009
Ph. No.:305-358-7747
Fax: 577-1063
Email: agrigsby@hinshawlaw.com
Email: jcavo@hinshawlaw.com
*Counsel for Mount Hawley Insurance Company*

Debra Wallace, *Pro Se*
3766 NW 201 Terrace
Miami Gardens, FL 33055.

Reginald J. Clyne
Joseph S. Giannell
Clyne & Associates, P.A.
814 Ponce de Leon Blvd., Suite 210
Coral Gables, FL  33134
Ph No.: (305) 446-3244
Fax No.: (305) 446-3538
Email: rjc@clynelegal.com
Email: jsg@clynelegal.com
*Attorneys for Residential & Corporate  Defendants*

Levi G. Williams, Esq.
Fertig & Gramling
200 SE 13th Street
Fort Lauderdale, FL 33316
Ph No.: (954) 763-5020
Fax No.: (954) 763-5412
Email: lgw@fertig.com
*Counsel for Construction Worker Respondents*

L:\9301-101\PLDG\Reply to Plaintiff's Response in Opposition to M2Strike.doc