UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

MT. HAWLEY INSURANCE COMPANY,   Case No.: 09-61275-CIV-COOKE/BANDSTRA

Plaintiff,

vs.

DANIA DISTRIBUTION CENTRE, LTD., et al.,

Defendants.   /

## JOINT SUMMARY OF THE PARTIES' MOTIONS *IN LIMINE*

MT. HAWLEY INSURANCE COMPANY. ("Mt. Hawley"), DANIA DISTRIBUTION CENTRE, LTD. ("Dania Distribution"), LAURIS BOULANGER, INC. ("Boulanger") DANIA DISTRIBUTION CENTRE CONDOMINIUM ASSOCIATION, INC. ("Dania Condo"), the Residential Defendants identified in the complaint for declaratory judgment [D.E.1] ("Residential Defendants") and the Construction Defendants identified in the complaint for declaratory judgment ("Construction Defendants"), pursuant to this Court's Pre-trial Scheduling Order [D.E.27], file this Joint Summary of Motions *In Limine*:

1.  **INDEX**

    A.  **Mt. Hawley's First Motion In Limine Re: References to Conduct And/or Settlement By Non-Party Insurers -- Unopposed**

    B.  **Mt. Hawley's Second Motion In Limine re: Exclusion of Testimony From Witnesses About The Legal Interpretation Of Its Policies**

    C.  **Mt. Hawley's Third Motion In Limine re: Exclusion Of Evidence Of Claims Handling Practices And Bad Faith**

    D.  **Defendants Motion In Limine re: Exclusion of References to Essex Case -- Unopposed**

### A. Mt. Hawley's First Motion *In Limine* -- Exclusion of Evidence Of Non-Party Insurers' Conduct And/Or Settlement With Residential And Construction Defendants

The Residential Defendants, Dania Distribution, Dania Condo and Boulanger, in their response to Mt. Hawley's motion for summary judgment [D.E.70] and in their reply in support of their Motion for Summary Judgment, [D.E.79] referenced the fact that other non-party insurers agreed to defend the insureds, and also entered into a settlement with the Residential and Construction Defendants. They also listed on their witness list the coverage counsel for these other insurers. [D.E.35] Mt. Hawley moves this Court for an Order *In Limine* barring the introduction into evidence or testimony by any person or any reference to such other insurers' decision to defend Dania Distribution, Boulanger or Dania Condo or any settlement that these insurers entered into with the Residential and Construction Defendants. Such evidence is both irrelevant and highly prejudicial. It is a long-standing axiom of Florida and federal law that evidence of other settlements are not admissible at trial. *Saleeby v. Rocky Elson Constr., Inc.*, 3 So. 3d 1078, 1082-83 (Fla. 2009); Fed. R. Evid. 408(a) (2010). The obvious implication that the defendants hope to make is that since another insurer or insurers, who's motives or business decision is not known, agreed to defend, and then settled, that this is probative that coverage exists under the Mt. Hawley policy, who's terms, although similar, are not identical. This Court previously refused to consolidate this lawsuit with such other non-party insurers' declaratory judgment actions on such grounds; [D.E.28] *see also Pub. Utility Dist. No. 1 of Klickitat County v. International Ins. Co.*, 124 Wash. 2d 789, 814 (Wash. 1994) (evidence of other insurers' conduct was irrelevant). To now allow the defendants to refer to such other insurers and their conduct with respect to this claim is not only irrelevant, but would severely prejudice Mt. Hawley before the jury.

**Residential Defendants', Dania Distribution, Boulanger & Dania Condo's Response:**

These defendants do not oppose Mt. Hawley's First Motion *In Limine*.

**Construction Defendants' Response:**

These defendants do not oppose Mt. Hawley's First Motion *In Limine*.

### B.     Mt. Hawley's Second Motion *In Limine* -- Exclusion of Testimony From Witnesses About The Legal Interpretation Of Its Policies

The Residential Defendants, Dania Distribution, Boulanger and Dania Condo retained David Paige as an expert witness in this case to testify, in part as to the meaning and interpretation of the Mt. Hawley policy language, in particular its pollution exclusion with regard to the second amended complaint filed against Mt. Hawley's insureds. [D.E.49] Mt. Hawley moved to strike Mr. Paige as an expert as such testimony is irrelevant because the interpretation of the Mt. Hawley policies is a question of law for the Court. [D.E.48] This motion remains pending. Mr. Paige's testimony would only serve to confuse the jury and therefore should be excluded as irrelevant and/or highly prejudicial. The Court should exclude testimony that contains legal conclusions because such statements are likely to confuse the jury. *See Cormack v. North Broward Hosp. Dist.*, No. 08-61367-CIV; 2009 WL 2848998 (S.D. Fla. Aug. 28, 2009) (excluding from trial a letter from the EEOC because it contained legal conclusions and was likely to confuse the jury and therefore its probative value was outweighed by its prejudicial nature). The interpretation of an insurance contract is a question of law to be decided by the judge. *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 n.9 (11th Cir. 1990). A trial court consequently errs by allowing testimony concerning the scope of an insurance company's duty under its policy. *See id.; see also Granada Ins. Co. v. Ricks*, 12 So. 3d 276, 276 n.1 (Fla. 3rd DCA 2009) (The meaning of an insurance contract is a question of law, and is thus not subject to opinion testimony); *see also Clarendon Am. Ins. Co. v. Bayside Restaurant, LLC*, No. 8:05-CV-1662-T-17-TGW, 2006 WL 2729486, at *2 (M.D. Fla. Sept. 25, 2006) (court would not entertain expert opinions on what is ultimately an issue of law). Accordingly, Mt. Hawley's Second Motion *In Limine* should be granted.

**Residential Defendants, Dania Distribution, Boulanger and Dania Condo's Response:**

While construction of an insurance policy is a question of law for the court; it is for the jury to determine whether the facts of the case fall within the scope of coverage as defined by the court. See Adelberg v. Berkshire Life Insur. Co., 97 F.3d 470 (11th Cir. 1996)(once court has defined relevant terms in insurance policy, any questions involving insured's ability to fulfill those terms is a question of fact for the jury). In the instant matter, defendants assert that there is an exception to the pollution exclusion provision that covers pollution caused by vehicles on the construction site. The court will make a determination of law whether this exception applies. It is then a factual question whether the facts of the case apply to this coverage. Mr. Paige's opinion will assist the trier of fact in determining the second part of this two part equation. He will be able to organize all the facts at hand and testify as to the industry standard, and what actions on part of Mt. Hawley and its attorneys constituted a breach of fiduciary duty and bad faith.

Mt. Hawley's policy provides an exception to the pollution exclusion for damage caused by leaks/spills from vehicles on the site. Mr. Paige is opining on the standard of care, and his testimony will assist the court in making a determination on the application of the facts to the court's interpretation of the policy provisions. Expert testimony as to the standard of care should not be stricken and is frequently utilized by judges and juries in state and federal court. Mr. Paige's expert testimony will clearly assist the court in determining a critical factual/standard of care issue in this case. See Montgomery vs. Aetna Cas. & Surety Co., 898 F.2d 1537, 1541 (11th Cir. 1990). Accordingly, Mt. Hawley's Second Motion *In Limine* should be denied.

**Construction Defendants' Response:** These Defendants Join Residential Defendants' Response.

### C.  Mt. Hawley's Third Motion In Limine -- Exclusion Of Evidence Of Claims Handling Practices And Bad Faith

The Residential Defendants, Dania Distribution, Boulanger and Dania Condo's expert, David Paige, has provided opinions and it is anticipated would do so at trial regarding both the "industry standard" for the handling of the subject claim and whether or not Mt. Hawley acted in "good faith" toward its insureds. [D.E.49]  Mt. Hawley's pending motion to strike Mr. Paige relates, in part, to these opinions.  [D.E.48]  Mt. Hawley seeks and Order *In Limine* barring the introduction into evidence of any issues concerning Mt. Hawley's claim handling, "bad faith" or what the "industry standard" is with regard to the handling of claims.  These issues are irrelevant and highly prejudicial in a case to determine whether coverage exists under the policy.  *See Kennedy v. Provident Life & Accident Ins. Co.*, No. 07-81218-CIV-Ryskamp, 2009 WL 3048683, at *2 (S.D. Fla. Sept. 18, 2009) (Under Florida law, documents and testimony concerning insurer's claim handling or general business practices are irrelevant to the issue of whether the insured is entitled to the coverage claimed and may only be relevant to a bad faith claim); *Granada Ins. Co. v. Ricks*, 12 So. 3d 276, 277 (Fla. 3d DCA 2010).  The rationale underlying that well established rule is that an insurer defending a breach of contract action would be prejudiced by having to defend a claim for bad faith at the same time.  *See Blanchard v. State Farm Mut. Auto Ins. Co.*, 575 So. 2d 1289 (Fla. 1991) ("a claim for bad faith does not accrue before a determination of coverage is made in favor of the insured and the extent of damages is determined.")  Accordingly, this Court should enter an Order *In Limine* barring the introduction of evidence regarding Mt. Hawley's claim handling practices, the "industry standard" for claim handling and any evidence concerning Mt. Hawley's alleged "bad faith."

14497997v1 0875622 11654

**Residential Defendants', Dania Distribution, Boulanger and Dania Condo's Response:**

The Residential Defendants oppose Plaintiff's motion in limine regarding their attempt to limit David Paige's testimony regarding the industry standard of handling claims and whether Plaintiff acted in good faith. In the instant case, defendants contend that Mt. Hawley did not fulfill its contractual duty and did not act in good faith, because the allegations within the four corners of the complaint clearly triggered coverage. Furthermore, if there was any question whether the facts of the case would be covered events, Mt. Hawley had duty to investigate and act within appropriate standard of care. In determining whether insurer has acted fairly and honestly toward its insured and with due regard for his interests, Florida applies totality of circumstances standard. Talat Enterprises, Inc. v. Aetna Life & Cas. Co., 952 F. Supp. 773 (M.D. Fla. 1996). Good faith and fair dealing is implied in all insurance contracts. North American Van Lines, Inc. v. Lexington Insur. Co., 678 So.2d 1325 (Fla. 4th DCA 1996). Mr. Paige will address whether Mt. Hawley acted in good faith and dealt fairly with its insured, when it denied a defense to its insured, despite the allegations in the complaint and letters from the insured's counsel, that events triggering coverage had occurred. Therefore, Mr. Paige's anticipated testimony concerning Mt. Hawley's claim handling and whether it act in good faith is very relevant and should be admissible since it relates to events that should have triggered coverage, and it deals with the ultimate issue of facts for the jury. An expert may testify to the ultimate issue of fact. See Montgomery v. Aetna Cas. & Surety Co., 898 F.2d 1537, 1541 (11th Cir. 1990).

**Construction Defendants' Response:** These Defendants Join Residential Defendants' Response.

14497997v1 0875622 11654

### D. Defendant's Motion In Limine To Exclude References To Outcome OF Essex Case

Defendants seek to exclude any evidence which references the outcome of the case of Essex Ins. Co. v. Dixon, No. 09-61755-CV-Cooke, 2010 WL 3746295 (S.D. Fla. Sept. 21, 2010). The Essex matter is a related declaratory judgment action that involves the same defendants and property as the instant matter, and the Court in that case ruled against the defendants. In the order on Plaintiff's motion for summary judgment, the Court in Essex ruled that the insurance company had no duty to defend or indemnify the defendants due primarily to a pollution exclusion clause in the relevant policy. Plaintiffs have already cited to the Essex matter and discussed the outcome of that case in its reply to defendants' response to their motion for summary judgment. Disclosure of the outcome of a related case against the defendants would be highly prejudicial and should be deemed inadmissible. See Brown v. Bray & Gillespie III Management LLC, 2008 U.S. Dist. LEXIS 45673 (June 6, 2008) (holding that any mention of the outcome of a related case against the defendants "would be overly prejudicial and is therefore inadmissible"). Therefore, the defendants seek an order from the Court excluding evidence of any mention of the outcome of the Essex case.

Construction Defendants join in this motion.

**Mt. Hawley's Response:** Mt. Hawley does not oppose Defendant's Motion to Exclude References to the *Essex* case.

### CERTIFICATE OF COMPLIANCE

The undersigned attorneys certify that they have conferred pursuant to S.D. Fla. L.R. 7.1.A.3 but were unable to resolve the aforementioned matters with the exception of Headings A. and D. above to which there is no opposition.

Respectfully submitted this 7th day of January, 2011,

| | |
|---|---|
| /s/John J. Cavo_____ | /_s/Reginald J. Clyne_____ |
| Andrew E. Grigsby | Reginald J. Clyne, Esquire |
| Florida Bar No. 328383 | Florida Bar No. 654302 |
| agrigsby@hinshawlaw.com | Clyne & Associates, P.A. |
| John J. Cavo | 814 Ponce de Leon Blvd., Suite 210 |
| Florida Bar No. 0462764 | Coral Gables, Florida 33134 |
| jcavo@hinshawlaw.com | Telephone: 305-446-3244 |
| HINSHAW & CULBERTSON LLP | Facsimile: 305-446-3538 |
| 9155 S. Dadeland Boulevard | rjc@clynelegal.com |
| Suite 1600 | nfj@clynelegal.com |
| Miami, Florida 33156-2741 | *Counsel for Dania Distribution, Boulanger,* |
| Telephone: 305-358-7747 | *Dania Condo and Residential Defendants* |
| Facsimile: 305-577-1063 | |
| *Counsel for Mt. Hawley Insurance Company* | -and- |

Alan S. Ripka, Esquire
Napoli Bern Ripka LLP
350 5th Avenue,
Suite 7413,
New York, NY 10118
Telephone: 212-267-3700
(888)529-4669
aripka@nbrlawfirm.com
*Co-counsel for Residential Defendants*

  s/Levi G. Williams, Jr._____
Levi G. Williams, Jr., Esquire
Florida Bar No. 057169
Fertig & Gramling, P.A.
200 S.E. 13th St.
Ft. Lauderdale, Florida 33316
Telephone: 954-763-5020
Facsimile: 954-763-5412
lgw@fertig.com
*Counsel for Construction Defendants*

9